UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 891 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| HARISH GALLY and | ) | |
| MAMTHA H. GALLY | ) | |

## GOVERNMENT'S MOTION *IN LIMINE* REGARDING EVIDENCE OFFERED PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby respectfully moves this Court for a determination, *in limine*, pursuant to Federal Rule of Evidence 104 that business records that the government intends to introduce at trial are admissible pursuant to Federal Rules of Evidence 803(6) and 902(11).

## I. Background

The indictment in this case charges defendants Harish Gally and Mamtha H. Gally with four counts of mail fraud in violation of 18 U.S.C. § 1341 and three counts of transporting funds taken by fraud in interstate commerce in violation of 18 U.S.C. § 2314. The indictment alleges that defendants engaged in a scheme to defraud Harish Gally's employer, Company A, by fraudulently inflating the rates charged by outside consultants who provided IT consulting services to Company A. Defendants accomplished this by causing the services performed by those consultants to be billed to Company A through an intermediary company, Athmam,

1

Inc., that they secretly controlled and then kept a portion of the amount paid for the work performed by those consultants. Defendants concealed their ownership of Athmam from Company A, in violation of Company A's Code of Business Conduct and Ethics, which Harish Gally had agreed to follow.

Specifically, Athmam, Inc. submitted 64 invoices seeking payments of over $2,000,000 for services provided by outside IT consultants to Company A between June 2007 and August 2009. Almost all of these invoices were reviewed and approved by Harish Gally in his capacity as Vice President of Corporate Business Information Systems. Company A paid these invoices by checks mailed to a post office box opened by Mamtha Gally in Woodridge. Each of these checks was deposited into one of two accounts. Both of those accounts were held in the name of Athmam, and both Harish Gally and Mamtha Gally were signatories on the accounts.

Athmam ultimately paid out approximately $1,379,000 of the $2,000,000 to the consultants who actually performed the services for Company A. Athmam kept the remaining amount, about $650,000, as its fee for acting as the intermediary between the consultants and Company A. In 2008 and 2009, defendants transferred some of this fraudulently obtained money from Athmam's local bank in Illinois to one or more bank accounts in India held in the name of defendant Mamtha Gally's father.

The government intends to introduce a number of business records, including the records of the vendors and the banks, through certifications pursuant to Federal

Rule of Evidence 902(11). The vendor records, in addition to the other evidence in the case, establish the increase in cost by Athmam to Company A for the consultants' work by reflecting the rates Company A would have paid had Athmam not been an additional intermediary (adding an additional mark-up) in the chain. The bank records, in addition to the other evidence in the case, establish the amount of money defendants received and profited from Company A, and reflect the monies being transported to bank accounts in India. Further, records from defendants' accountant, cell phone provider, and credit card company shed light on the roles, responsibilities, and actions of each defendant when it came to Athmam and its associated expenses.

Attached hereto as Exhibits 1-14 are true and correct copies of certifications relating to the following business records as summarized in the chart below. All of the records have been previously produced to the defendants in discovery.

| Exhibit | Custodian & Entity | Description of Records | Bates Numbers |
| --- | --- | --- | --- |
| 1 | Nicole Lindberg, Ameriprise Financial Services | Account records and statements for accounts held by Harish and Mamtha Gally from opening of such account through February 2010 | FREEMAN-1713-0000004 |
| 2 | Mary Halvorson, Ameriprise Financial Services | Account records and statements for accounts held by Harish and Mamtha Gally from March 2010 through December 2010 | FREEMAN-9605-0000004 |
| 3 | Cathy Bazal, American Express | Monthly statements, bank repository/payments, correspondence, letters | AMEX_005-000001 |
| 4 | Kewana Jones, AT&T | Subscriber information and/or call detail issued by | AT&T_001-000316 |

|  |  | AT&T for cellular telephone |  |
| --- | --- | --- | --- |
| 5 | Sam Avadhi, Anthem Tech Inc. | Vendor invoices, records, and correspondence | CERT_002-000002 |
| 6 | Christine Miller, Dice Career Solutions, Inc. | Resume and job-related information for Harish Gally | DICE_001-000002 |
| 7 | Cheryl Wilkinson, Edward Jones | Investment statements from inception of account to March 2010 and other account documents. | FREEMAN-3699-0000005 |
| 8 | Deborah Walton, Fifth Third Bank | Bank account with monthly statements | FREEMAN-9147-0000007 |
| 9 | Cheryl A. Lestina, Great Lakes Credit Union f/k/a Hawthorne Credit Union | Harish Gally and Mamtha Gally bank account records and Athmam, Inc. bank account records | CERT_002-000003 |
| 10 | Cristina Schumacher, ShareBuilder Securities Corporation | Account records and statements for accounts held by Harish and Mamtha Gally from opening of such account through April 2010 | FREEMAN-1171-0000005 |
| 11 | Apryl Abston, ING Direct | Mortgage documents for Harish and Mamtha Gally | FREEMAN-9664-00000009 |
| 12 | Joanne Targia, Park National Bank | Adroit bank account records | FREEMAN-7435-0000004 |
| 13 | Chakradhar Yerneni, Saras America, Inc. | Vendor invoices, staffing agreement with Athmam, and correspondence | CERT_002-000004 |
| 14 | Joseph Leone, CPA | Tax and financial documents for Athmam and clients Harish Gally and Mamtha Gally | CERT_002-00001 |

## II.  The Business Records that the Government Intends to Offer Are Admissible Pursuant to Federal Rules of Evidence 803(6) and 902(11).

The business records that the government intends to introduce at trial are admissible as noted hearsay exceptions, pursuant to Federal Rules of Evidence 803(6) and 902(11), and therefore do not require live witness testimony from records custodians.  The government hereby moves the Court to find, pursuant to Federal

Rule of Evidence 104, that the records at issue are authentic business records within the meaning of Federal Rule of Evidence 803(6).

Federal Rule of Evidence 104 authorizes the Court to determine in advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence." This rule applies to all preliminary determinations, including the question whether documents fall within the "business records exception" to the hearsay rule. *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)).

The records that the government intends to offer at trial fall within the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Rule 803(6) provides that such records are admissible, notwithstanding the hearsay rule, provided they were:

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)* . . . , unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added). In other words, the authenticity of business records may be established either through live testimony of a custodian of records, or by a certification that complies with Rule 902(11).

Rule 902(11) provides that:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [t]he original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Fed. R. Evid. 902(11). The Seventh Circuit has recognized the efficiency of the introduction of business records through 902(11) certifications, *see United States v. Green*, 648 F.3d 569, 580 (7th Cir. 2011), and affirmed the use of 902(11) certifications when the foundational requirements of Rule 803(6) are met, *see, e.g., United States v. Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003) (affirming trial court's admission of some documents, specifically defendant's W-2 wage statements, through 902(11) certifications and denying defendant's argument that Rule 803(6) violated his Sixth Amendment right to confront witnesses).

Here, as authorized by Rule 803(6), the government has established the authenticity of the business records that it intends to introduce, as well as their admissibility under Rule 803(6), through certifications obtained from the custodians of records that comply with Rule 902(11). The attached certifications attest to the foundational requirements set forth by these rules. Moreover, through this pretrial motion, the government complies with Rule 902(11)'s requirement of advance notice to the defense of its intent to introduce these documents pursuant to Rule 902(11) and provides an opportunity for inspection of the records and declarations. Indeed, the government has tendered all of the records in its possession that it intends to introduce pursuant to Rule 902(11).

Admission of these documents through 902(11) certification will save the parties, the Court, and the jury members significant time and resources, as the certifications will obviate the need for live witness testimony from at least thirteen different custodians of records. It will also save considerable time and resources for the witnesses, whose testimony would be limited solely to stating that these documents are inherently reliable as records of regularly conducted activity—a fact that each of them has already certified to be true.

## III.	Conclusion

For the aforementioned reasons, the government respectfully requests that this motion *in limine* be granted, and that the Court find that the business records that the government intends to introduce at trial are admissible pursuant to Federal Rules of Evidence 803(6) and 902(11).

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:	/s/ Carol A. Bell
Carol A. Bell
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300